LENTICULAR EUROPE, LLC, a Wisconsin limited
liability company, by John Van Leeuwen,
Plaintiff-Appellant,

v.

William T. CUNNALLY, Defendant-Respondent.

Court of Appeals

*No. 04–1054. Submitted on briefs October 14, 2004.—Decided
January 27, 2005.*

2005 WI App 33

(Also reported in 693 N.W.2d 302.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Earl H. Munson Jr., Esq.*, of *Boardman, Suhr, Curry & Field, LLP*, Madison, and *Russell K. Statman, Esq.*, of *Law Office of Russell K. Statman*, Plattsburgh, New York.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Robert A. Pasch, Rebecca R. DeMarb*, and *Jennifer M. Krueger*, of *Murphy Desmond S.C.*, Madison.

Before Deininger, P.J., Dykman and Vergeront, JJ.

¶ 1. VERGERONT, J. The dispositive issue on this appeal is whether John Van Leeuwen, a minority member of Lenticular Europe, LLC, was authorized to bring this action on behalf of the company. We conclude that Van Leeuwen was authorized to bring this action because: (1) no provision of the operating agreements override the "default" terms of Wis. Stat. § 183.1101(1),[1] which therefore apply; and (2) the other member's interest in the outcome of this action was adverse to the interest of Lenticular Europe at the time this action was filed. Because the circuit court erroneously concluded that Van Leeuwen was not authorized to bring this action, we reverse the court's order vacating the default judgment and dismissing the complaint; and we remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 2. Lenticular Europe (the LLC) is a limited liability company engaged in Europe in the business of buying and selling lenticular materials—a type of plas-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

tic that allows for enhanced three-dimensional animated imaging. The LLC was formed in 2000 and has at all times had two members, Van Leeuwen and Lenticular Corporation (Lenticular Corp), a corporation organized under Wisconsin law. William Cunnally has been president and sole shareholder of Lenticular Corp since November 2000. Van Leeuwen and Lenticular Corp signed an operating agreement and a supplemental operating agreement that were both effective January 1, 2001. According to the operating agreement, Van Leeuwen owned one-third of the membership interest in the LLC and Lenticular Corp owned two-thirds; Lenticular Corp was to manage the business and affairs of the LLC.

¶ 3. Van Leeuwen on behalf of the LLC filed this action against Cunnally in September 2002. The complaint alleged that Van Leeuwen was authorized to bring this action on behalf of the LLC pursuant to Wis. Stat. § 183.1101. The complaint further alleged that Cunnally had directed the transfer of all revenues from the LLC to Lenticular Corp's accounts in Wisconsin and then directed approximately $700,000 from those accounts for his personal benefit. Based on this conduct, the complaint claimed that Cunnally had converted funds of the LLC, had breached his fiduciary duty to the LLC, and had induced Lenticular Corp to breach its fiduciary duty to the LLC. Lenticular Corp, the complaint alleged, was not joined as a party because it had filed for protection of creditors under 11 U.S.C. § 1101 *et seq.* (Chapter 11) in May 2002. The complaint demanded the sum of $700,000 or the amount proved at trial, as well as attorney fees and expenses under § 183.1101(4).

¶ 4. Although Cunnally was served with the summons and complaint on November 16, 2002, he did not

file a motion or pleading until May 2003, when he moved the court for an enlargement of time under Wis. Stat. § 801.15(2) in which to file the accompanying proposed answer. The LLC, by Van Leeuwen, opposed the motion and moved for a default judgment. After a hearing, the court denied the motion to enlarge, determining that Cunnally had failed to show excusable neglect, and it granted the motion for a default judgment.

¶ 5. However, before the scheduled trial on damages occurred, Cunnally moved for relief from the default judgment under Wis. Stat. § 806.07(1)(h), asserting there were extraordinary circumstances justifying that relief. He argued, among other points, that Van Leeuwen had no authority to bring this action in the name of the LLC because his vote to bring the action did not constitute a majority of the membership as required by section 4.4 of the supplemental operating agreement. The LLC, by Van Leeuwen, opposed the motion. In support of the position that Van Leeuwen was authorized to bring the action, the LLC made two arguments: (1) under Wis. Stat. § 183.1101(1), Lenticular Corp's vote on bringing the action had to be excluded because it had "an interest in the outcome of the action that is adverse to the interest of the limited liability company," and (2) under Wis. Stat. § 183.0802, Lenticular Corp ceased to be a member when it filed the bankruptcy proceeding.

¶ 6. After considering the briefs and affidavits submitted by the parties, the court concluded that relief from the default judgment should be granted. The court confirmed that it had determined that Cunnally had not shown excusable neglect, and it did not alter that determination. However, the court agreed with Cunnally that Van Leeuwen had no authority to bring the

action on behalf of the LLC. The court concluded that this lack of authority together with the other circumstances that had not constituted excusable neglect did constitute extraordinary circumstances under Wis. Stat. § 806.07(1)(h). The court therefore vacated the default judgment, and, based on its conclusion that Van Leeuwen had no authority to bring this action on behalf of the LLC, it dismissed the complaint without prejudice.

¶ 7. In reaching the conclusion that Van Leeuwen did not have the authority to bring this action, the court made these rulings of law: (1) Wis. Stat. § 183.1101(1) does not require exclusion of Lenticular Corp's vote on whether to bring the action because that subsection expressly allows an operating agreement to provide otherwise and section 4.4 of the supplemental operating agreement does that; and (2) Wis. Stat. § 183.0802 does not preclude Lenticular Corp from remaining a member of the LLC after it filed the Chapter 11 proceeding because that statute expressly allows an operating agreement to provide otherwise, and section 9.3 of the supplemental operating agreement does that.

## DISCUSSION

¶ 8. On appeal, the LLC by Van Leeuwen challenges the court's conclusion that he lacks the authority to bring this action on behalf of the LLC, contending that each of the two rulings the court made in support of that conclusion are erroneous. Alternatively, the appellant argues that even if Van Leeuwen did lack the authority to bring this action, this defense does not constitute extraordinary circumstances under Wis. Stat. § 806.07(1)(h). Because we agree that the court erred in deciding that Van Leeuwen did not have the

authority to bring this action on behalf of the LLC, we do not address the other arguments.

¶ 9. Relief from a default judgment under WIS. STAT. § 806.07(1)(h)—for "any other reasons justifying relief"[2]—is appropriate only when there are extraordinary circumstances. *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 542, 363 N.W.2d 419 (1985). The decision whether to grant relief under § 806.07(1) is committed to the circuit court's discretion. *Id.* at 542. We affirm a discretionary decision if the circuit court examined the relevant facts, applied the correct law, and using a rational process reaches a reasonable result. *Id.* However, when, as here, a discretionary decision is based on the circuit court's resolution of questions of law, we review those legal rulings de novo. *Town of Grand Chute v. Outagamie County*, 2004 WI App 35, ¶ 7, 269 Wis. 2d 657, 661, 679 N.W.2d 540. In particular, the issue whether Van Leeuwen had the authority to bring this action is a question of law because it depends upon the proper construction of provisions of the limited liability statute and the operating agreements and the relevant facts are not disputed. *See id.*

¶ 10. When we construe a statute, we begin with the language of the statute and give it its common,

---

[2] WISCONSIN STAT. § 806.07(1)(h) provides:

**Relief from judgment or order. (1)** On motion and upon such terms as are just, the court, subject to subs. (2) and (3), may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

. . . .

(h) Any other reasons justifying relief from the operation of the judgment.

393

ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context in which it is used, not in isolation, but as part of a whole, in relation to the language of surrounding or closely related statutes, and reasonably so as to avoid absurd or unreasonable results. *Id.*, ¶ 46. We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48.

I. Van Leeuwen's Authority to Bring this Action

A. *Construction and Application of* WIS. STAT. *§ 183.1101(1)*

¶ 11. The appellant contends that under WIS. STAT. § 183.1101(1), the vote of Lenticular Corp on whether to bring the action in the name of the LLC must be excluded. This section is found in subchapter XI, "Suits By And Against A Limited Liability Company" and provides:

> **(1)** Unless otherwise provided in an operating agreement, an action on behalf of a limited liability company may be brought in the name of the limited liability company by one or more members of the limited liability company, whether or not the management of the limited liability company is vested in one or more managers, if the members are authorized to sue by the affirmative vote as described in s. 183.0404 (1)(a), except that the vote of any member who has an interest in the outcome of the action that is adverse to the interest of the limited liability company shall be excluded.

¶ 12. WIS. STAT. § 183.0404(1)(a), to which WIS. STAT. § 183.1101(1) refers, is found in subchapter IV, "Rights And Duties Of Members And Managers" and provides:

(1) Unless otherwise provided in an operating agreement or this chapter, and subject to sub. (2), an affirmative vote, approval or consent as follows shall be required to decide any matter connected with the business of a limited liability company:

(a) If management of a limited liability company is reserved to the members, an affirmative vote, approval or consent by members whose interests in the limited liability company represent contributions to the limited liability company of more than 50% of the value, as stated in the records required to be kept under s. 183.0405 (1), of the total contributions made to the limited liability company.[3]

---

[3] WISCONSIN STAT. § 183.0404(1)(b)-(3) provides:

(b) If the management of a limited liability company is vested in one or more managers, the affirmative vote, consent or approval of more than 50% of the managers.

(2) Unless otherwise provided in an operating agreement or this chapter, the affirmative vote, approval or consent of all members shall be required to do any of the following:

(a) Amend the articles of organization.

(b) Issue an interest in a limited liability company to any person.

(c) Adopt, amend or revoke an operating agreement.

(d) Allow a limited liability company to accept any additional contribution from a member.

(e) Allow a partial redemption of an interest in a limited liability company under s. 183.0603.

(f) Value the contributions of members under s. 183.0501 (2).

(Footnote added.)

¶ 13. According to the appellant, section 4.4 of the supplemental operating agreement does not provide "otherwise" than WIS. STAT. § 183.1101(1) because the section does not mention votes to authorize lawsuits but instead is concerned only with general voting rights.[4] Section 4.4 provides:

> <u>Manner of Acting</u>. The affirmative vote of Members owning or holding at least a majority of the outstanding Membership Interests shall be the act of the Members, unless the vote of a greater or lesser proportion or number is otherwise required by the Wisconsin Act or by this Agreement. Unless otherwise expressly provided in this Agreement or required under applicable

(fm) Convert to a new form of business entity under s. 183.1207.

(g) Authorize a manager, member or other person to do any act on behalf of the limited liability company that contravenes an operating agreement, including any provision of the operating agreement that expressly limits the purpose or business of the limited liability company or the conduct of the business of the limited liability company.

**(3)** Unless otherwise provided in an operating agreement, if any member is precluded from voting with respect to a given matter, then the value of the contribution represented by the interest in the limited liability company with respect to which the member would otherwise have been entitled to vote shall be excluded from the total contributions made to the limited liability company for purposes of determining the 50% threshold under sub. (1)(a) for that matter.

[4] The appellant also argues that the last clause in WIS. STAT. § 183.1101(1), beginning "except that the vote . . .," may not be overridden by a contrary provision in an operating agreement; in other words, "[u]nless otherwise provided in an operating agreement . . ." does not modify that last clause but only the preceding clauses. We do not address this issue of statutory construction.

law, Members who have an interest (economic or otherwise) in the outcome of any particular matter upon which the Members vote or consent may vote or consent upon any such matter and their Membership Interests, vote or consent, as the case may be, shall be counted in the determination of whether the requisite matter was approved by the Members.

Cunnally responds that section 4.4 applies to all votes on all matters, including lawsuits, because no language suggests that votes on authorization to bring lawsuits are excluded. According to Cunnally, because section 4.4 applies to votes on all matters, it provides "otherwise" than § 183.1101(1) and thus overrides it.

¶ 14. We begin with an analysis of the statute, because it is the statute that determines when a provision in the operating agreement overrides a statutory provision. In general, WIS. STAT. ch. 183 provides detailed terms for the organization, operation, and dissolution of LLCs. Many of the provisions in the chapter, like WIS. STAT. §§ 183.1101(1) and 183.0404(1)-(4), begin with the language "unless otherwise provided in an operating agreement" and then lay out specific terms that are, in essence, "default" terms: that is, they govern an LLC unless an LLC's operating agreement provides otherwise.[5] The numerous opportunities for

---

[5] WISCONSIN STAT. § 183.0102(16) defines an operating agreement as:

> **(16)** "Operating agreement" means an agreement in writing, if any, among all of the members as to the conduct of the business of a limited liability company and its relationships with its members.

Thus, an LLC need not have an operating agreement and if it does, the agreement need not cover any particular topic.

members of an LLC to choose to be governed by terms that differ from those in the statute plainly express the legislature's intent to provide LLC members with the flexibility to define many aspects of their relationship by contract. At the same time, the legislature has also plainly expressed the intent that the policy choices it has made in the default terms govern unless a different choice is made in the operating agreement.

¶ 15. Turning to the statutory subsections at issue in this case, we observe that the legislature has chosen to treat a vote to authorize an action on behalf of an LLC differently than voting on other matters. Not only is WIS. STAT. § 183.1101(1) contained in a different subchapter than WIS. STAT. § 183.0404, but the default terms of the former contain a protection for members that the latter does not: under § 183.1101(1) the "vote of any member who has an interest in the outcome of the action that is adverse to the interest of the limited liability company shall be excluded," while § 183.0404 contains no provision for excluding votes of members with an adverse interest.[6] We conclude the legislature's decision to treat voting to authorize an action on behalf of an LLC differently from voting on other matters

---

[6] In *Gottsacker v. Monnier*, 2004 WI App 25, ¶¶ 18–19, 269 Wis. 2d 667, 676 N.W.2d 533, *review granted by* 2004 WI 114, 273 Wis. 2d 654, 684 N.W.2d 136, we concluded that the provision in WIS. STAT. § 183.1101 for excluding the vote of any member who had an adverse interest in the outcome did not apply to votes on matters governed by WIS. STAT. § 183.0404—in particular, a vote to transfer property. Instead, we held, the obligation under WIS. STAT. § 183.0402(1)(a) to "deal fairly with the limited liability company [and] its members in connection with a matter in which the member or manger has a material conflict of interest" applied to that vote.

indicates its intent that, in order to override the default terms of § 183.1101(1), an operating agreement must explicitly address voting to authorize an action on behalf of an LLC.

¶ 16. Against this statutory background, we examine the provision of the supplemental operating agreement at issue. Section 4.4 does not refer to voting on any particular matter, and, thus, does not explicitly address voting to authorize an action on behalf of an LLC. We therefore conclude that it does not override WIS. STAT. § 183.1101(1).

¶ 17. Cunnally, like the circuit court, emphasizes the legislative intent that members of an LLC have the flexibility to structure their relationships by contract. However, that principle does not resolve the question of what the members of this LLC intended to agree upon with respect to authorizing an action on behalf of the LLC. Because an LLC is a creature of statute, and, indeed, is organized by the signing and filing of articles of incorporation that must state it is organized under WIS. STAT. ch. 183, WIS. STAT. § 183.0202(1), members of an LLC can be reasonably expected to know the provisions of the chapter, including the default terms. When the legislature provides a specific default term on a topic and the operating agreement does not explicitly refer to that topic, it is reasonable to conclude the parties did not intend to override that default term. Thus, even if Cunnally's construction of section 4.4, when read without reference to WIS. STAT. § 183.1101(1), is reasonable—that is, that section 4.4 covers voting on all matters—it is certainly not the only reasonable construction when read in the context of the statute. Cunnally does not propose how such an ambiguity is to be resolved, because he sees none.

¶ 18. We conclude that if an operating agreement is ambiguous as to whether the members intended to override a particular statutory default term, the statutory default term governs. We are satisfied that when the legislature chose to allow members to override certain statutory terms in their operating agreement, it intended that the members plainly set forth their intent in the agreement. Thus, even if we begin our analysis with the question of the intent of the parties, as Cunnally urges, we do not agree with his construction of section 4.4. When viewed in the context of WIS. STAT. ch. 183, which is a necessary part of the analysis, there is at the least an ambiguity whether the members intended, by agreeing to section 4.4, to override the default terms of WIS. STAT. § 183.1101(1). Because section 4.4 does not plainly set forth the member's intent to override those default terms, we conclude the default terms of § 183.1101(1) govern this LLC.

B. *Adverse Interest under WIS. STAT. § 183.1101(1)*

¶ 19. Having concluded that the default terms of WIS. STAT. § 183.1101(1) govern, we next consider whether Lenticular Corp had an interest in the outcome of this action adverse to the LLC. The circuit court did not decide this issue because of its conclusion that section 4.4 overrides the default terms of § 183.1101(1). The appellant contends that, at the time this action was filed, Lenticular Corp's interest in the outcome was adverse to the LLC because, if the LLC were to succeed in proving the allegations of the complaint, Lenticular Corp would face potential liability to the LLC and also to Cunnally for contribution: claims could have been filed against Lenticular Corp in the

Chapter 11 proceeding and, ultimately, Lenticular Corp might have been joined as a defendant or third-party defendant in this action. Cunnally responds that Lenticular Corp's interest in the outcome of this action is not adverse to the LLC for two reasons: (1) the action is against Cunnally, not Lenticular Corp, and the corporation cannot be held liable for Cunnally's actions; and (2) because of the bankruptcy action, the corporation's creditors will benefit if there is any recovery from Cunnally.

¶ 20. To resolve this issue, we examine the allegations of the complaint in light of the circumstances that existed when it was filed in September 2002. Thus, we do not consider it relevant that in February 2003 the Chapter 11 proceeding Lenticular Corp had filed in May 2002 was converted to a bankruptcy under 11 U.S.C. § 701 *et seq.* In September 2002, Lenticular Corp was the debtor and debtor-in-possession in the Chapter 11 proceeding and continued to operate.

¶ 21. In order to prevail against Cunnally on the claim of aiding and abetting Lenticular Corp in a breach of its fiduciary duty, the LLC would have to prove, as alleged in the complaint, that Lenticular Corp directed or knowingly permitted the transfer to itself of all the LLC's revenues and then transferred approximately $700,000 to or for the benefit of Cunnally personally. We agree with the appellant that a judgment against Cunnally on this claim would necessarily involve findings that would also establish liability on the part of Lenticular Corp.

¶ 22. As for whether such findings would adversely affect Lenticular Corp as a debtor-in-possession in a Chapter 11 proceeding, the parties' briefs, particularly Cunnally's, are somewhat sparse. The record shows that in August 2002, Van Leeuwen declared in a

paper filed under penalty of perjury in the Chapter 11 proceeding that he intended to file a proof of claim on behalf of the LLC against Lenticular Corp in that proceeding, based on the same facts that are the basis for the claims against Cunnally in this action.[7] The record indicates the claims against Lenticular Corp would be for conversion and breach of fiduciary duty. We cannot tell from the record whether a proof of claim was in fact filed against Lenticular Corp on behalf of the LLC for conversion and breach of fiduciary duty in the Chapter 11 proceeding at the time this action was filed. It appears not. However, the critical point for our analysis is whether a proof of claim could have been filed after this action was filed, if it had not been before, and Cunnally does not contend that it could not have been. We take this silence as a concession that (assuming Van Leeuwen had the authority to do so) Van Leeuwen could have filed a claim in the Chapter 11 proceeding on behalf of the LLC against Lenticular Corp for conversion and breach of fiduciary duty and could have litigated those claims in that proceeding.

¶ 23. Whether findings adverse to Lenticular Corp in this action would have preclusive effect in a Chapter 11 proceeding on claims against Lenticular

---

[7] This statement was filed in support of a motion to modify automatic stay entered pursuant to 11 U.S.C. § 362(d) (1998) to permit Van Leeuwen to prosecute this action in the name of the LLC against Cunnally and to join the debtor, Lenticular Corp, if that entity was determined to be a necessary and indispensable party, while continuing to stay enforcement of any judgment against Lenticular Corp. The bankruptcy court agreed with counsel for the debtor and debtor-in-possession that relief from the stay was unnecessary to proceed against Cunnally because Lenticular Corp was not a party to this proposed action. Three days after that ruling, this action was filed.

Corp is an issue that neither party addresses. However, assuming for purposes of argument they would not have preclusive effect, such findings would still be adverse to Lenticular Corp and would likely have some impact on claims against Lenticular Corp in the Chapter 11 proceeding—if only on the decision whether to prosecute them.

¶ 24. As an alternative to filing a claim in the Chapter 11 proceeding, Van Leeuwen on behalf of the LLC could also have sought to join Lenticular Corp in this action by means of a motion to lift the automatic stay. *See* footnote 7. In addition, as the appellant points out, not only would the LLC have an interest in pursuing claims against Lenticular Corp if it prevailed on its aiding and abetting claim against Cunnally, but Cunnally might as well. We therefore reject Cunnally's argument that, because Lenticular Corp is not a party to this action, its interest in the outcome is not adverse to the LLC.

¶ 25. Turning to Cunnally's argument that Lenticular Corp will benefit from an outcome favorable to the LLC because it is a two-thirds owner, we reject this as well. Even if Lenticular Corp is entitled to two-thirds of what the LLC recovers in this action, if it is jointly and severally liable with Cunnally, it may be responsible for paying the entire amount.

¶ 26. In short, we conclude that, based on the allegations of the complaint, at the time this action was filed, Lenticular Corp had an interest in the outcome of this action that was adverse to that of the LLC. The LLC would benefit if it prevailed on the aiding and abetting claim against Cunnally, but that result could subject Lenticular Corp to more liability than any benefit it would gain from the LLC's success on that claim.

¶ 27. Because the interest of Lenticular Corp in the outcome of this action was adverse to the LLC at the time this action was filed, its vote must be excluded under Wis. Stat. § 183.1101 from the decision whether to authorize this action on behalf of the LLC. The result is that Van Leeuwen's vote was sufficient to authorize this action on behalf of the LLC. The circuit court therefore erred in concluding that he was not authorized.

II. Relief under Wis. Stat. § 806.07(1)(h)

¶ 28. The circuit court's decision to grant relief under Wis. Stat. § 806.07(1)(h) was based on the erroneous legal conclusion that Van Leeuwen was not authorized to bring this action on behalf of the LLC. Therefore, that decision must be reversed. *See Clark v. Mudge* 229 Wis. 2d 44, 50, 599 N.W.2d 67 (Ct. App. 1999).

¶ 29. Based on the court's written decision, we are satisfied that the court would not have granted the motion had it not concluded that Van Leeuwen lacked authority to bring this action. The court explained that Cunnally had made a number of arguments why the default judgment should be set aside under Wis. Stat. § 806.07(1)(h), that "[n]one of those arguments, standing alone, resulted in an order to vacate the default judgment," but that the court had asked for additional briefing on the argument that Van Leeuwen did not have authority to bring the action. That is the argument that persuaded the court to grant relief from the default judgment. Accordingly, we do not direct the circuit court on remand to consider whether it would grant Cunnally's motion for reasons other than Van Leeuwen's lack of authority. Instead, we reverse the order vacating the default judgment and dismissing the

complaint; and we direct the circuit court to conduct such further proceedings as are appropriate based on the default judgment.

*By the Court.*—Order reversed and cause remanded with directions.