Dawn SUKALA and John Sukala,
Plaintiffs-Appellants,

v.

HERITAGE MUTUAL INSURANCE COMPANY and Western
National Mutual Insurance Company,
Defendants-Respondents-Petitioners.

Supreme Court

*No. 2003AP173. Oral argument February 2, 2005.
—Decided June 22, 2005.*

2005 WI 83

(Also reported in 698 N.W.2d 610.)

For the defendant-respondent-petitioner, Heritage Mutual Insurance Company, there were briefs by *Arthur P. Simpson, Michelle D. Wehnes* and *Simpson & Deardorff, S.C.,* Milwaukee, and oral argument by *Arthur P. Simpson.*

For the defendant-respondent-petitioner, Western National Mutual Insurance Company, there were briefs by *Nadine I. Davy* and *Anderson, O'Brien, Bertz, Skrenes & Golla,* Stevens Point, and oral argument by *Nadine I. Davy.*

For the plaintiffs-appellants there were briefs by *D. James Weis* and *Habush Habush & Rottier, S.C.,* Rhinelander, and *Virginia M. Antoine* and *Habush Habush & Rottier, S.C.,* Milwaukee, and oral argument by *Dana J. Weis.*

A joint amicus curiae brief was filed by *Beth Ermatinger Hanan* and *Gass Weber Mullins LLC,* Milwaukee, on behalf of Wisconsin Insurance Alliance and Civil Trial Counsel of Wisconsin.

¶ 1. PATIENCE DRAKE ROGGENSACK, J. Heritage Mutual Insurance Company (Heritage) and Western National Mutual Insurance Company (Western) seek review of a court of appeals decision reversing the circuit court's[1] denial of relief from judgment to Dawn and John Sukala under Wis. Stat. § 806.07(1)(h) (2001–02).[2] We conclude that the circuit court correctly determined that there had been no change in the law in regard to the enforceability of the reducing clauses at issue here. Therefore, because a change in the law was the basis for the Sukalas' motion, the circuit court appropriately exercised its discretion in denying the Sukalas relief from judgment. Accordingly, we reverse the court of appeals.

## I. BACKGROUND

¶ 2. On October 2, 1996, automobiles operated by John Sukala and Bruce Hasenohrl were involved in an accident that caused serious injuries to Sukala. The accident occurred during the course of Sukala's employment, and he received $786,000.18 in workers' compensation benefits from a policy issued by Heritage to his employer. The Sukalas also received $100,000 from Hasenohrl's automobile liability insurance, the limits of that policy.

¶ 3. The Sukalas sought additional recovery from two underinsured motorist (UIM) provisions, one in the Sukalas' personal automobile policy issued by Western with coverage limits of $250,000, and the other in a Heritage policy held by John Sukala's employer with

---

[1] The motion was heard in Wood County Circuit Court, Judge Frederic W. Fleishauer presiding.

[2] All further references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

$1,000,000 limits. Both UIM policies contained reducing clauses to lower the UIM limits by payments received from liability insurance and workers' compensation benefits.[3]

¶ 4.   In February 1997, the Sukalas sued Heritage, as both Hasenohrl's insurer and the UIM insurer for John Sukala's employer, and Western, as the Sukalas' UIM insurer. The Sukalas moved to invalidate the Heritage and Western UIM reducing clauses and to declare Wis. Stat. § 632.32(5)(i)[4] unconstitutional, be-

---

[3] Western policy's reducing clause stated:

B. The limit of liability shall be reduced by all sums:

1. Paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible. . . .

2. Paid or payable because of the "bodily injury" under any of the following or similar law:

a. Workers' compensation law; or

b. Disability benefits law.

The Heritage policy's reducing clause stated:

(3) The Underinsured Motorists Limit of Insurance will be reduced by any of the following that apply:

(a) All sums paid by or on behalf of any person or organization that may be legally responsible for the *bodily injury* for which the payment is made.

(b) All sums paid or payable under any Workers' Compensation law.

(c) All sums paid or payable under any disability benefits laws.

[4] Wisconsin Stat. § 632.32(5)(i) states:

A policy may provide that the limits under the policy for uninsured or underinsured motorist coverage for bodily injury or death resulting from any one accident shall be reduced by any of the following that apply:

cause it permits reducing clauses in automobile insurance policies. The circuit court concluded that the reducing clauses were enforceable and § 632.32(5)(i) was constitutional. The Sukalas appealed, and while the case was pending before the court of appeals, this court decided *Dowhower v. West Bend Mutual Insurance Co.*, 2000 WI 73, 236 Wis. 2d 113, 613 N.W.2d 557. There we held that § 632.32(5)(i) was constitutional and that a "reducing clause may be ambiguous within the context of the insurance contract." *Dowhower,* 236 Wis. 2d 113, ¶¶ 35–36. The court of appeals affirmed the circuit court's ruling against the Sukalas, *Sukala v. Heritage Mutual Insurance Co.*, 2000 WI App 266, ¶ 20, 240 Wis. 2d 65, 622 N.W.2d 457 (*Sukala I*), and we denied the Sukalas' petition for review.

¶ 5. Seven months after we denied the Sukalas' petition for review, we granted review in *Badger Mutual Insurance Co. v. Schmitz*, 2002 WI 98, 255 Wis. 2d 61, 647 N.W.2d 223. We decided *Schmitz* in July 2002, stating that a reviewing court must examine a reducing clause in the context of the entire policy to determine whether the reducing clause is ambiguous. *Id.*, ¶ 49. If the reducing clause, in the context of the entire policy, is misleading or unclear, it is ambiguous and not enforceable. *Id.* We also referred to the court of appeals decision in *Sukala I,* stating, "[i]n essence, we agree with [the court's] analysis," but that the court "pro-

1. Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made.

2. Amounts paid or payable under any worker's compensation law.

3. Amounts paid or payable under any disability benefits laws.

ceeded to an ambiguous and misleading conclusion."
*Schmitz,* 255 Wis. 2d 61, ¶ 42. The conclusion in
*Sukala I* to which we referred in *Schmitz* was:

> [U]nder *Dowhower* and the declared public policy of the
> legislature in Wis. Stat. § 632.32(5)(i), UIM reducing
> clauses complying with § 632.32(5)(i) cannot render
> UIM coverage "illusory." Once we have concluded that
> the UIM provisions of a policy are unambiguous, as we
> have here, then our inquiry is at an end.

*Id.* (quoting *Sukala I,* 240 Wis. 2d 65, ¶ 20). In
*Schmitz,* we explained:

> [T]he Sukala court shifted terms, moving from the
> reducing clause to "the UIM provisions of the policy,"
> although the two could easily be read as one and the
> same. A policy in which all "the UIM provisions" are
> unambiguous is different from a policy in which only
> the reducing clause is unambiguous. In any event, the
> concluding sentence implies that once the reducing
> clause is found to be unambiguous, the inquiry is at an
> end. That is incorrect because *Dowhower contemplates
> consideration of the entire policy.*

*Schmitz,* 255 Wis. 2d 61, ¶ 42 (emphasis in original).

¶ 6.  On June 22, 2001, while *Schmitz* was pending
before the court of appeals, the Sukalas and Western
entered into a "Release of All Claims and Hold Harm-
less Agreement" releasing Western from liability con-
cerning John Sukala's accident in exchange for a pay-
ment from Western. On July 3, 2001, the Sukalas,
Heritage and Western stipulated to the dismissal of the
Sukalas' claims against the insurance companies.

¶ 7.  On October 21, 2002, the Sukalas moved for
relief from all judgments, orders, releases and stipula-
tions from the case under Wis. Stat. § 806.07(1)(h). The
circuit court denied the motion. On appeal, the court of

appeals reversed the circuit court's order. *Sukala v. Heritage Mut. Ins. Co.*, 2004 WI App 128, ¶ 14, 275 Wis. 2d 469, 685 N.W.2d 809 (*Sukala II*). We granted Heritage's and Western's petitions for review.

## II. DISCUSSION

### A. Standard of Review

¶ 8.   Whether to grant relief from judgment under Wis. Stat. § 806.07(1)(h) is a decision within the discretion of the circuit court. *Franke v. Franke*, 2004 WI 8, ¶ 54, 268 Wis. 2d 360, 674 N.W.2d 832. A circuit court's discretionary decision will not be reversed unless the court erroneously exercised its discretion. *Schwochert v. American Family Mut. Ins. Co.*, 172 Wis. 2d 628, 630, 494 N.W.2d 201 (1993). A discretionary decision contemplates a process of reasoning that depends on facts that are in the record, or reasonably derived by inference from facts of record, and a conclusion based on the application of the correct legal standard. *State ex rel. Cynthia M.S. v. Michael F.C.*, 181 Wis. 2d 618, 624, 511 N.W.2d 868 (1994). "We will not reverse a discretionary determination by the trial court if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision." *Brown v. Mosser Lee Co.*, 164 Wis. 2d 612, 617, 476 N.W.2d 294 (Ct. App. 1991) (citation omitted). " '[B]ecause the exercise of discretion is so essential to the trial court's functioning, we generally look for reasons to sustain discretionary determinations.' " *Allstate Ins. Co. v. Konicki*, 186 Wis. 2d 140, 149, 519 N.W.2d 723 (Ct. App. 1994) (quoting *Schneller v. St. Mary's Hosp.*, 155 Wis. 2d 365, 374, 455 N.W.2d 250 (Ct. App. 1990), *aff'd*, 162 Wis. 2d 296, 470 N.W.2d 873 (1991)).

## B. Wisconsin Stat. § 806.07

¶ 9. Wisconsin Stat. § 806.07[5] grants courts power to relieve parties from judgments, orders and stipulations. Paragraphs 806.07(1)(a)-(g) permit relief for specific circumstances, and paragraph 806.07(1)(h) is a "catch-all" provision allowing relief from judgment

---

[5] Wisconsin Stat. § 806.07 provides in relevant part:

Relief from judgment or order. (1) On motion and upon such terms as are just, the court, subject to subs. (2) and (3), may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

(c) Fraud, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied, released or discharged;

(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

(2) The motion shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. A motion based on sub. (1)(b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court.

56

for "any other reasons justifying relief." Paragraph (1)(h) "gives the trial court broad discretionary authority and invokes the pure equity power of the court." *Mullen v. Coolong,* 153 Wis. 2d 401, 407, 451 N.W.2d 412 (1990) (*Mullen II*). However, the provision permits reopening of judgments based on subsequent changes in the law only in very limited circumstances, *Brown,* 164 Wis. 2d at 616, and only if the motion is made within a reasonable time, *id.* at 618.

¶ 10.   To determine whether a party is entitled to review under Wis. Stat. § 806.07(1)(h), the circuit court should examine the allegations accompanying the motion with the assumption that all assertions contained therein are true. *State ex rel. M.L.B. v. D.G.H.,* 122 Wis. 2d 536, 553, 363 N.W.2d 419 (1985). If the facts alleged are extraordinary or unique such that relief may be warranted under paragraph (1)(h), a hearing will be held on the truth or falsity of the allegations. *Id.* After determining the truth of the allegations and upon consideration of any other factors bearing upon the equities of the case, the circuit court exercises its discretion to decide what relief, if any, should be granted. *Id.*

¶ 11.   In exercising its discretion by determining whether it should grant relief from the judgment or stipulation, the circuit court should consider whether unique or extraordinary facts exist that are relevant to the competing interests of finality of judgments and relief from unjust judgments. *M.L.B.,* 122 Wis. 2d at 552. We have explained that examination to include:

> whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; whether the claimant received the effective assis-

tance of counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief.

*Id.* at 552–53. The list of factors in *M.L.B.* is not exclusive. *State v. Sprosty,* 2001 WI App 231, ¶¶ 19–20, 248 Wis. 2d 480, 636 N.W.2d 213.

¶ 12.  Paragraph (1)(h) is appropriately used to address intervening changes in the law only in unique and extraordinary circumstances. *Brown,* 164 Wis. 2d at 616. Unique and extraordinary circumstances are those where "the sanctity of the final judgment is outweighed by 'the incessant command of the court's conscience that justice be done in light of *all* the facts.' " *Mogged v. Mogged,* 2000 WI App 39, ¶ 13, 233 Wis. 2d 90, 607 N.W.2d 662 (quoting *M.L.B.,* 122 Wis. 2d at 550 (emphasis in original)). Courts should not interpret paragraph (1)(h) so broadly as to erode the concept of finality, nor should courts interpret it so narrowly that truly deserving claimants are denied relief. *M.L.B.,* 122 Wis. 2d at 552. In construing § 806.07(1)(h), courts seek to "achieve a balance between the competing values of finality and fairness in the resolution of a dispute." *Id.* at 542. The party seeking relief bears the burden to prove that the requisite conditions exist. *See Connor v. Connor,* 2001 WI 49, ¶ 28, 243 Wis. 2d 279, 627 N.W.2d 182.

¶ 13.  In *M.L.B.,* we examined what would be required to grant relief under Wis. Stat. § 806.07(1)(h) if the claim sounds in (1)(a), (1)(b) or (1)(c), but the motion is brought after the time limits for those sub-

sections have passed. *Id.* at 553. We concluded that "extraordinary circumstances justifying relief in the interest of justice" were required before relief from a judgment or stipulation could be granted under (1)(h). *Id.* The phrase "extraordinary circumstances" has been repeated as part of a balance of the equities supporting the finality of judgments and relief from unjust judgments. *See Village of Trempealeau v. Mikrut,* 2004 WI 79, ¶ 36, 273 Wis. 2d 76, 681 N.W.2d 190; *Brown,* 164 Wis. 2d at 616. Accordingly, although the Sukalas' motion, which was premised on an alleged change in the law, would not lie under paragraphs (1)(a)–(c) of § 806.07, it could lie under (1)(h) if there were a change in the law that gave rise to unique and extraordinary circumstances. *Brown,* 164 Wis. 2d at 616.

¶ 14.   Heritage and Western argue that the circuit court did not erroneously exercise its discretion in denying the Sukalas' motion. After reviewing the circuit court's reasoning, we agree.

¶ 15.   In addressing the Sukalas' motion, the circuit court properly identified the equitable balance it was to apply when deciding a motion under Wis. Stat. § 806.07(1)(h). The court depended on the facts of record and recognized that it must balance finality concerns with fairness concerns as it summarized the issue:

> And so in my estimation in this case, my coming to it I think in terms of the finality of judgments, the fact that you've gone through this process, that the parties have paid, they've in one case granted a release, in another case stipulated to a dismissal of their action, that was done at the time this other action was at least pending in the Court of Appeals and we've got a decision that comes down seven months after that process which

59

suggests at the very least minimally that some of the language used by the Court of Appeals in justifying the decision they made in Sukala, the *Sukala v. Heritage* case was inappropriate.

¶ 16. The Sukalas argue that the court of appeals was correct in deciding that the circuit court incorrectly stated that *Schmitz* did not overrule *Sukala I,* and a correct reading of *Schmitz* would bring the Sukalas under our decision in *Mullen II,* where we granted relief under Wis. Stat. § 806.07(1)(h) to a party after its earlier petition for review had been denied by this court.

¶ 17. We disagree with this line for reasoning for at least two reasons. First, the court of appeals was incorrect in concluding that *Schmitz* overruled *Sukala I.* As we have explained in *Schmitz,* we agreed with the *Sukala I* court's analysis. *Schmitz,* 255 Wis. 2d 61, ¶ 42. We criticized only the court's proceeding to an ambiguous statement in its conclusion because that statement implied that a court would not have to consider the entire policy to determine whether coverage was unambiguous. *Id.* However, it was clear that the *Sukala I* court did examine the interacting parts of the insurance policies before it concluded that the UIM provisions were unambiguous, *Sukala I,* 240 Wis. 2d 65, ¶¶ 11–14, and that the *Sukala I* decision noted that a " 'reducing clause may be ambiguous within the context of the insurance contract.' " *Id.,* ¶ 19 n.12 (quoting *Dowhower,* 236 Wis. 2d 113, ¶ 35). Therefore, there would have been no reason to overrule *Sukala I.*

¶ 18. The circuit court addressed the Sukalas' argument that highlighted the language in *Schmitz* criticizing *Sukala I,* and used a logical reasoning pro-

60

cess to conclude that the criticism did not result in unique or extraordinary facts that are necessary to grant relief:

> I just can't imagine that if [the supreme court] actually felt that [*Sukala I*] was erroneous when they were doing [*Schmitz*], that they wouldn't have done more than say that one sentence of the language used in *Sukala* was incorrect; and it's that absence of their reference to this as something extraordinary in error that tells me they didn't believe that it was; and without them making a finding that specifically overruled that case or specifically stated the decision in this case was in error in light of the subsequent decision, it becomes very difficult for me to say that the judgment ought to be reopened and find some extraordinary circumstance, other than the fact that there's a new precedent in the Court of Appeals.

Given our conclusion that *Schmitz* did not overrule *Sukala I,* the circuit court's similar conclusion does not support the Sukalas' claim that the court erroneously exercised its discretion.

¶ 19. Second, the Sukalas' situation is not comparable to that in *Mullen II.* We denied Mullen's petition for review from the decision in *Mullen v. Coolong,* 132 Wis. 2d 440, 393 N.W.2d 110 (Ct. App. 1986) (*Mullen I*), although we had accepted certification of a case nearly ten months earlier, *Nicholson v. Home Insurance Cos.,* 137 Wis. 2d 581, 405 N.W.2d 327 (1987), that posed the same question of law raised by Mullen in her petition for review, i.e., whether UIM coverage must be issued for at least $25,000. The plaintiffs in *Mullen I* and *Nicholson* both challenged UIM reducing clauses; the plaintiffs "presented the identical arguments against the same uninsured motorist reducing clause based on the same statute." *Mullen II,* 153 Wis. 2d at 404. Our

61

decision in *Nicholson* explicitly overruled *Mullen I,* where Mullen's summary judgment for payment of UIM benefits was reversed. *Nicholson,* 137 Wis. 2d at 600. After the petition for review in *Mullen I* was denied, Mullen sought leave in circuit court to file an amended complaint, but settled the case instead and stipulated to an order dismissing the action. *Mullen II,* 153 Wis. 2d at 405. When *Nicholson* was issued, Mullen moved pursuant to Wis. Stat. § 806.07(1)(h), seeking relief from the stipulated dismissal order. *Id.* The circuit court granted the motion but that decision was reversed by the court of appeals. We reversed the court of appeals, stating that Mullen was "essentially 'a victim of circumstances' " and that the "determinative fact . . . is that we denied a petition for review in *Mullen I* at the very same time when the same issue was before us in *Nicholson,*" and in *Nicholson* "we reached the precise result Mullen advocated in her petition for review." *Mullen II,* 153 Wis. 2d at 408.

¶ 20. In the present case, neither the timing nor the dispositive issue in *Schmitz* and *Sukala I* are similar to the unique facts of *Mullen II.* Here, we granted review in *Schmitz* seven months *after* we denied the Sukalas' petition for review. And in *Schmitz,* we simply clarified the analysis that is appropriate when a reducing clause is challenged. We did not hold that the analysis in *Sukala I* had resulted in an erroneous conclusion. The Sukalas are not unique "victims of circumstances," as was Mullen, but rather, the Sukalas are similar to many parties who are not entitled to relitigate their claims through Wis. Stat. § 806.07(1)(h) due to our consideration of a similar issue. *See, e.g., Kovalic v. DEC Int'l,* 186 Wis. 2d 162, 165, 519 N.W.2d 351 (Ct. App. 1994) (denying a § 806.07(1)(h) motion based on the contention that ten

months after the court of appeals had ruled against the plaintiff, a case of the Seventh Circuit Court of Appeals interpreted federal law in a way the plaintiff found supportive); *Brown,* 164 Wis. 2d at 619 (concluding that the circuit court did not erroneously exercise its discretion in refusing to grant relief from judgment based on a supreme court decision that supported Brown's position but was issued several years after Brown's petition for review was denied).

¶ 21. The Sukalas also argue that the circuit court mistakenly believed that it could grant relief only if *Sukala I* had been expressly overruled by *Schmitz.* While we agree with the Sukalas that the unique or extraordinary facts necessary to grant relief via Wis. Stat. § 806.07(1)(h) can arise in a variety of situations,[6] we disagree with the Sukalas' characterization of the circuit court's reasoning. The circuit court stated, "It seems to me that what's important in this process is that there was an injustice done and if there was an injustice done it was because the Supreme Court decision overruled the basis of the decision that the appellate court made." This statement was only a portion of the court's reasoning, part of which is quoted above. It shows that rather than stating that § 806.07(1)(h) can be applied only in situations where an earlier decision

[6] *See, e.g., Majorowicz v. Allied Mut. Ins. Co.,* 212 Wis. 2d 513, 534–35, 569 N.W.2d 472 (Ct. App. 1997) (circuit court did not erroneously exercise discretion where it allowed relief for respondent who sought attorney fees after a supreme court case changing the law regarding fees in bad faith actions was released); *Allstate Ins. Co. v. Konicki,* 186 Wis. 2d 140, 152, 519 N.W.2d 723 (Ct. App. 1994) (circuit court did not erroneously exercise discretion where it allowed relief for respondent who settled a claim with an insurance company based on incorrect understanding of the law).

in the same case has been overruled, the circuit court appropriately looked for issues that might result in circumstances sufficient to come within the ambit of § 806.07(1)(h). The circuit court examined whether the potential for relief existed in the *Schmitz* court's reading of *Sukala I.* However, it concluded that the context in which the Sukalas' claim of error arose was insufficient to conclude that the law had changed. Therefore, when the circuit court weighed its conclusion that the law was unchanged against the finality of judgments, it held that their motion must be denied. This shows the circuit court used a rational reasoning process based on an application of the correct legal standard to the facts of record and came to a conclusion a reasonable court could make. Accordingly, we conclude no erroneous exercise of discretion occurred.

¶ 22. Rather, we agree with Judge Deininger's comment that the majority opinion of the court of appeals did not review the circuit court's decision under the erroneous exercise of discretion standard, but instead substituted its own judgment for that of the circuit court. *Sukala II,* 275 Wis. 2d 469, ¶ 15.

### III. CONCLUSION

¶ 23. We conclude that the circuit court correctly determined that there had been no change in the law in regard to the enforceability of the reducing clauses at issue here. Therefore, because a change in the law was the basis for the Sukalas' motion, the circuit court appropriately exercised its discretion in denying the Sukalas relief from judgment. Accordingly, we reverse the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 24. JON P. WILCOX, J. (*concurring*). Although I join the majority opinion, I write separately to emphasize that absent the most unique set of circumstances, "a change in the judicial view of an established rule of law is not an extraordinary circumstance which justifies relief from a final judgment under sec. 806.07(1)(h), Stats." *Schwochert v. Am. Family Mut. Ins. Co.*, 166 Wis. 2d 97, 103, 479 N.W.2d 190 (Ct. App. 1991). Wisconsin Stat. § 806.07(1)(h) (2001–02)[1] allows a court to "relieve a party or legal representative from a judgment, order or stipulation" based on "[a]ny . . . reasons justifying relief from the operation of the judgment." Although this statute seems broad on its face, relief under § 806.07(1)(h) is appropriate only where there are "extraordinary circumstances" justifying equitable relief. *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 550, 363 N.W.2d 419 (1985). *See also Lenticular Europe, LLC v. Cunnally*, 2005 WI App 33, ¶ 9, 279 Wis. 2d 385, 693 N.W.2d 302.

¶ 25. Wisconsin Stat. § 806.07(1)(h) is virtually identical to its federal counterpart, Fed. R. Civ. P. 60(b)(6). Indeed, § 806.07 is based on the federal rule. *See Mullen v. Coolong*, 153 Wis. 2d 401, 407, 451 N.W.2d 412 (1990)(*Mullen II*). " '[C]ourts are generally agreed that a change in the law after entry of judgment does not alone justify relief under [Fed. R. Civ. P.] 60(b)(6).' " *Schwochert*, 166 Wis. 2d at 102 (quoting *De Filippis v. United States*, 567 F.2d 341, 343 n.5 (7th Cir. 1977)). *See also Pierce v. Cook & Co.*, 518 F.2d 720, 722–23 (10th Cir. 1975), *cert. denied*, 423 U.S. 1079 (1976) (cited in *Schwochert*, 166 Wis. 2d at 103).

---

[1] All subsequent references to the Wisconsin Statutes are to the 2001–02 version unless otherwise indicated.

¶ 26. The rule announced in *De Filippis* was expressly adopted by this court in *Schauer v. DeNeveu Homeowners Association,* 194 Wis. 2d 62, 74–75, 533 N.W.2d 470 (1995). "The statute does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled in an unrelated proceeding." *Id.* at 75.

¶ 27. As such, a litigant petitioning for relief under § 806.07(1)(h) must demonstrate " 'unique facts' which would make inapplicable the general rule that a change in the judicial view of an established rule of law is not an extraordinary circumstance . . . ." *Schwochert,* 166 Wis. 2d at 103. *See also Schauer,* 194 Wis. 2d at 76 ("Absent such 'unique facts,' relief [under § 806.07(1)(h)] will generally be denied.").

> [Section 806.07(1)(h)], however, allows reopening of judgments based on intervening changes in the law only in "extraordinary circumstances"; and it should be invoked sparingly in such cases—"only when the circumstances are such that the sanctity of the final judgment is outweighed by 'the incessant command of the court's conscience that justice be done in light of *all* the facts.' "

*Brown v. Mosser Lee Co.,* 164 Wis. 2d 612, 616, 476 N.W.2d 294 (Ct. App. 1991) (quoting *M.L.B.,* 122 Wis. 2d at 550).

¶ 28. Such "unique facts" were present in *Mullen II:*

> The determinative fact in this case is that we denied a petition for review in *Mullen I* [*Mullen v. Coolong,* 132 Wis. 2d 440, 393 N.W.2d 110 (Ct. App. 1986)] at the very same time when the same issue was before us in *Nicholson [v. Home Ins. Cos., 137 Wis. 2d 581, 405*

*N.W.2d 327 (1981)]. . . .* Subsequently, this court in *Nicholson* overturned the court of appeals' decision in *Mullen I. . . .* In so doing, we reached the precise result Mullen advocated in her petition for review in *Mullen I.*

*Mullen II,* 153 Wis. 2d at 408.

¶ 29. Absent a similar unique set of facts, relief under § 806.07(1)(h) is not appropriate based on a change in the law. *See Schwochert,* 166 Wis. 2d at 102 ("The Schwocherts are no worse off than any other litigant who fails to benefit from a change in the statutory law or in the judicial view of the law after a final judgment has been entered."). As the court of appeals stated in *Kovalic v. DEC International,* 186 Wis. 2d 162, 165, 519 N.W.2d 351 (Ct. App. 1994):

[T]his appears to be a case where an unsuccessful litigant asserts that after his case was decided, the law changed, and he would like to have his case judged under the new law. But Kovalic cites no cases holding that if the law changes, all cases decided under the prior law may be relitigated. And such a rule would destroy the finality of many judgments. We do not accept such a notion.

¶ 30. Allowing for relief anytime a case was subsequently reversed, overruled, or called into question would grind the wheels of justice to a halt under the sheer weight of such requests. This recognition is especially important in an era where the rules of stare decisis are frequently ignored. There must be finality in our litigation.

¶ 31. Here, *Badger Mutual Insurance Co. v. Schmitz,* 2002 WI 98, 255 Wis. 2d 61, 647 N.W.2d 223, was decided two years after the court of appeals' decision in *Sukala v. Heritage Mutual Insurance Co.,* 2000 WI App 266, 240 Wis. 2d 65, 622 N.W.2d 457 (*Sukala I*).

*See* majority op., ¶¶ 4–5. Thus, this case is entirely distinguishable from *Mullen I,* and presents no unique set of facts that would justify relief under § 806.07(1)(h). *See* majority op., ¶¶ 18–19. The Sukalas are no different than the host of litigants whose cases are decided under a rule of law that is subsequently overturned, modified, or called into question. Thus, even assuming *Schmitz* overturned *Sukala I,* or established a new rule of law, I would hold that the relief under § 806.07(1)(h) is unwarranted in this case.

¶ 32.   I am authorized to state that Justice ANN WALSH BRADLEY joins this concurrence.