COURT OF APPEALS
DECISION
DATED AND FILED

September 17, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP1794**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CV4

**IN COURT OF APPEALS
DISTRICT III**

TIMOTHY PFLIEGER,

  PETITIONER-RESPONDENT,

 V.

LARA BUSH-PENSY,

  RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Door County: KEITH A. MEHN, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Lara Bush-Pensy appeals from an order denying her motion for relief from a harassment injunction entered in favor of Timothy

Pflieger. Bush-Pensy contends: (1) evidence that Bush-Pensy had violated a stipulation upon which the injunction action had previously been dismissed was insufficient to support the issuance of the injunction because there was no showing the violation was intentional and the stipulation was itself illegal and against public policy; (2) the judge issuing the injunction failed to disclose contacts he had with Pflieger's family in violation of WIS. STAT. § 757.19(3) (2017-18);[1] and (3) the injunction is overbroad because it prohibits conduct broader than the claimed harassment. We affirm on the grounds that Bush-Pensy has failed to develop any argument showing the circuit court erroneously exercised its discretion when it refused to grant relief from the injunction.

## BACKGROUND

¶2    On January 10, 2018, Pflieger filed a petition seeking a harassment injunction against Bush-Pensy. The petition alleged that after Pflieger and Bush-Pensy ended their relationship, Bush-Pensy sent Pflieger and one of Pflieger's employees a series of over eighty unwelcome text messages, as well as emails, Facebook messages, and phone calls with voicemails.

¶3    On February 1, 2018, the parties signed a stipulation to dismiss the case, agreeing that they would each avoid contact with one another, their immediate family, clients, associates, employees and co-workers. The stipulation further provided that the case could be reopened based upon future contact occurring after the dismissal. In that event, any future contact by Bush-Pensy

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

could be deemed harassment serving no legitimate purpose, and the circuit court could rely upon the stipulation to enter an injunction against Bush-Pensy.

¶4 On March 12, 2018, Pflieger moved to reopen the case. The motion was accompanied by an affidavit averring that Bush-Pensy had sent Pflieger three emails after the stipulation between the parties was filed and the case was dismissed, along with printouts of those emails. The first email stated "whoever you are, leave us all alone[,]" and it was sent in reply to a message sent to Bush-Pensy by an anonymous third party. Bush-Pensy copied Pflieger on her reply to the third party. The second and third emails were electronic notifications stating "Delete record" and "Delete record file, code 473_495-5272."

¶5 On March 14, 2018, Pflieger sent Bush-Pensy two emails with the subject line "Judgement Day" stating: "Judgement day is coming for you[,]" and "The final countdown and she won't be able to shit without my say-so." On March 16, 2018, Pflieger sent Bush-Pensy another email with the subject line "Judgement Day" stating: "You're going to be knocked off your pedestal. They won't think you're so great then. Who do you think you are with your newspaper articles. Enjoy your last days of freedom. Monday is judgement day for you."

¶6 On March 19, 2018, the circuit court held a hearing on the motion to reopen. Bush-Pensy's attorney made an offer of proof that: (1) Bush-Pensy had inadvertently hit "reply all" in response to the message from the anonymous party; and (2) Bush-Pensy had sent the second and third messages based on internet research she conducted about how to delete her phone number from the record of the person who had sent it, without realizing that those messages would go directly to Pflieger. The court accepted the offer of proof in lieu of testimony, but it concluded that Bush-Pensy's reasons for sending the emails were immaterial

because the stipulation was unequivocal that all contact was prohibited and would constitute further harassment. The court then entered a four-year harassment injunction.

¶7 On March 22, 2018, Pflieger sent Bush-Pensy an email stating: "I told you what would happen to you if you crossed me." On March 24, 2018, someone sent Bush-Pensy an email from Pflieger's work address with the subject line "Judgement Day" stating: "Having trouble sleeping?"

¶8 Bush-Pensy did not move the circuit court to reconsider the injunction nor did she appeal the injunction. Instead, on May 22, 2018, Bush-Pensy filed a motion for relief from judgment pursuant to WIS. STAT. § 806.07.[2] Bush-Pensy claimed she was entitled to have the injunction set aside either under subsection (1)(g) of the statute because it was no longer equitable to enforce it given Pflieger's continuing emails to her, or under subsection (1)(h) because extraordinary circumstances warranted abandoning the finality of the judgment in favor of an overall sense of justice, according to the five-factor test set forth in *Miller v. Hanover Insurance Co.*, 2010 WI 75, ¶36, 326 Wis. 2d 640, 785 N.W.2d 493. In support of the latter claim, Bush-Pensy alleged that the merits of the injunction had never been fully presented because the stipulation was akin to a default judgment and because her counsel did not present Bush-Pensy's testimony at the hearing to reopen, and that Bush-Pensy had a meritorious defense.

¶9 The circuit court first observed that, while Pflieger's alleged emails from March 2018 were troubling, Bush-Pensy's remedy would be to obtain her

---

[2] Judge Mehn heard the motion after Judge D. Todd Ehlers recused himself.

4

own injunction against him, not to set aside the prior injunction against her. Regarding Bush-Pensy's second claim, the court rejected the assertions that the merits of the injunction had not been tried or that counsel had provided ineffective assistance by not having Bush-Pensy testify at the hearing to reopen because the court had accepted Bush-Pensy's offer of proof. The court further rejected Bush-Pensy's assertion that she had a meritorious defense because it concluded the three emails Bush-Pensy sent did violate the stipulation. The court found that Bush-Pensy had not met her burden under WIS. STAT. § 806.07 and denied her motion for relief from judgment. Bush-Pensy now appeals.

## STANDARD OF REVIEW

¶10 As a threshold matter, we note that neither the circuit court's decision to reopen the case based upon the violation of the stipulation nor the validity of the injunction are properly before us on this appeal because Bush-Pensy did not appeal the injunction. Therefore, we will not address Bush-Pensy's arguments that there was insufficient evidence to support the injunction or that the terms of the injunction were overbroad.[3]

¶11 In sum, the scope of our review is limited to determining whether the circuit court properly denied Bush-Pensy's motion for relief from judgment under WIS. STAT. § 806.07. We review a circuit court's discretionary decision whether to grant relief from judgment with great deference, and we will uphold it as long

---

[3] In addition, we will not address Bush-Pensy's claim that Judge Ehlers should have recused himself from hearing her motion because she concedes in her reply brief that the alleged contacts between Judge Ehlers and Pflieger that underlie that claim have no evidentiary basis in the record.

5

as it was supported by a reasonable basis. *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610.

## DISCUSSION

¶12    WISCONSIN STAT. § 806.07(1) allows a circuit court to reopen an order or judgment when: "(g) It is no longer equitable that the judgment should have prospective application; or (h) Any other reasons justify relief from the operation of the judgment." The catchall provision under sub. (h) should be employed only when extraordinary circumstances are present, taking into account: (1) whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; (2) whether the claimant received the effective assistance of counsel; (3) whether there had been any judicial consideration of the merits and the interest of deciding the case on the merits outweighs the interest in finality of judgments; (4) whether there was a meritorious defense to the claim; and (5) whether there are intervening circumstances making it inequitable to grant relief. *Miller*, 326 Wis. 2d 640, ¶36.

¶13    Although Bush-Pensy sought relief under both WIS. STAT. § 806.07(1)(g) and (h) in the circuit court, she has not developed any argument on appeal relating to either the equity of prospective application of the injunction or the *Miller* factors. This court need not address undeveloped arguments. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). We therefore reject any claim by Bush-Pensy that the circuit court erroneously exercised its discretion in denying her motion for relief from judgment.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.