COURT OF APPEALS
DECISION
DATED AND FILED

April 26, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP470**

Cir. Ct. No. **2021CV90**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

CANNA CAPITAL DEVELOPMENT, LLC,

  PLAINTIFF-RESPONDENT,

 V.

BURK'S PARADISE LLC AND DENNIS M. BURK,

  DEFENDANTS,

CINNAMON L. BURK,

  DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Fond du Lac County: TRICIA WALKER, Judge. *Affirmed*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Cinnamon L. Burk, pro se, appeals from an order denying her motion to vacate the default judgment entered by the circuit court in favor of Canna Capital Development, LLC. Burk argues the court erroneously exercised its discretion in denying her motion to vacate the default judgment. We affirm.

¶2 Canna filed this action against Burk, her then husband Dennis M. Burk, and Burk's Paradise LLC, alleging Burk's Paradise defaulted under the terms of a Note it executed promising to pay to Canna, on or before November 1, 2020, the principal sum of $100,000. Canna further alleged both Burk and Dennis Burk "executed [personal guarantees] dated April 1, 2020, whereby they, jointly and severally, guaranteed payment of all obligations and liabilities of every kind and description arising out of credit granted to Burk's [Paradise], thereby making them personally liable for the performance and satisfaction of any and all obligations owed by Burk's [Paradise] to [Canna]." The summons and complaint were served on Burk on March 15, 2021, and Burk mailed Canna a letter on March 29, 2021, that was filed in the circuit court on April 6, 2021. In the letter, Burk did not deny any allegations of the complaint but instead "recognize[d] that the note is past due" and indicated that she, Dennis Burk, and Burk's Paradise were working to "liquidate the business assets and cure the default." Burk asked for "60 days (until June 1)" to do so.

¶3 Canna filed a motion for default judgment asserting it was entitled to the same because "[m]ore than 20 days for answering or otherwise responding have passed without an answer or responsive pleading from the defendants."

After a postponement, the circuit court set the hearing on the motion for June 7, 2021; however, no parties appeared for that hearing, and the court denied the motion. The court held a hearing on June 17, at which Canna appeared but Burk did not. After the hearing, Canna filed a new motion for default judgment, which the court heard on June 22. The court granted the motion on June 28, stating that Burk had failed to timely file an answer and did not appear at the June 22 hearing or any of the prior hearings and ultimately concluding that "[n]o issue of law or fact has been joined and the time for joining issue has expired."

¶4 On February 18, 2022, Burk filed a motion to vacate the default judgment pursuant to WIS. STAT. § 806.07 (2021-22),[1] referencing her and Dennis Burk's divorce and asserting she recently learned she was "removed from ownership and corporate control" of Burk's Paradise prior to signing the guarantee, which was "a matter of fraud." The circuit court denied the motion, concluding that the divorce matter referenced by Burk had concluded in April 2021 and Burk had been awarded one half of Burk's Paradise and, regardless, her liability for the amount due on Burk's Paradise's Note was based on her status as a guarantor, not as an owner of the business. Thus, the court determined that neither fraud nor newly discovered evidence warranted vacating the default judgment.

¶5 "The determination of whether to vacate a default judgment is within the circuit court's sound discretion." *Johnson v. Cintas Corp. No. 2*, 2012 WI 31, ¶22, 339 Wis. 2d 493, 811 N.W.2d 756. "A circuit court erroneously exercises its

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record." ***Id.*** (citation omitted). "[B]ecause the exercise of discretion is so essential to the [circuit] court's functioning, we generally look for reasons to sustain discretionary determinations." ***Sukala v. Heritage Mut. Ins. Co.***, 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610 (first alteration in original; citation omitted). In reviewing the entry of default judgment in this case,

> we are mindful, on one hand, that the law views default judgments with disfavor and prefers, whenever reasonably possible, to afford litigants a day in court, and, on the other hand, of the interests in prompt adjudication and "the probability that a policy which excused or tolerated a lawyer's neglect would foster delay in litigation" and lower the quality of legal representation.

***Gaertner v. 880 Corp.***, 131 Wis. 2d 492, 498, 389 N.W.2d 59 (Ct. App. 1986) (citation omitted).

¶6     Pursuant to WIS. STAT. § 806.02(1), a circuit court may grant default judgment if no issue of law or fact has been joined. And as WIS. STAT. § 802.02 sets forth, in answering a complaint, a party "shall state in short and plain terms the defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies," and if a party does not deny "[a]verments in a pleading to which a responsive pleading is required," those averments are admitted. Section 802.02(2), (4).

¶7     Burk's April 6, 2021 letter fails to comply with the requirements for it to constitute an answer to Canna's complaint. It states no defenses and fails to admit or deny Canna's averments. Nothing in Burk's letter denies that she signed the guarantee or that by doing so she was "personally liable for the performance and satisfaction of any and all obligations owed by Burk's [Paradise] to [Canna],"

4

as Canna alleged in its complaint. By failing to deny Canna's averments, Burk admitted them under WIS. STAT. § 802.02. Furthermore, she "recognize[d] that the note [was] past due" and asked for "60 days (until June 1)" to "liquidate the business assets and cure the default." Additionally, Burk failed to even attend the June 7, 17 and 22 motion hearings set by the court. We see no error in the circuit court's grant of default judgment to Canna.

¶8 In filing her motion to vacate the default judgment, Burk cited WIS. STAT. § 806.07(1)(b), (c), (g) and (h). On appeal, she appears to have abandoned all but her reliance on para. (b), which allows the court to vacate a judgment because of newly discovered evidence, and para. (h), which is a "'catch-all' provision allowing relief from judgment for 'any other reasons justifying relief.'" *See Sukala*, 282 Wis. 2d 46, ¶9 (citing § 806.07(1)(h)). Paragraph (b) does not aid Burk as her newly discovered evidence—her alleged recent awareness that she was "removed from ownership and corporate control" of Burk's Paradise—does not, as the circuit court recognized, affect the guarantee she signed in which she agreed to be "jointly and severally" liable for the "payment of and promises to pay" Burk's Paradise's Note.

¶9 Under WIS. STAT. § 806.07(1)(h), relief from a default judgment may only be granted "when extraordinary circumstances are present justifying relief in the interest of justice." *Miller v. Hanover Ins. Co.*, 2010 WI 75, ¶35, 326 Wis. 2d 640, 785 N.W.2d 493. "The party seeking relief bears the burden to prove that extraordinary circumstances exist." *Id.*, ¶34. In determining whether extraordinary circumstances exist, "the circuit court should examine the allegations accompanying the motion with the assumption that all assertions contained therein are true." *Sukala*, 282 Wis. 2d 46, ¶10. If the party alleges facts which are "extraordinary or unique such that relief may be warranted under

paragraph (1)(h), a hearing will be held on the truth or falsity of the allegations." *Id.* Paragraph (1)(h) is to be used "only when the circumstances are such that the sanctity of the final judgment is outweighed by 'the incessant command of the court's conscience that justice be done in light of *all* the facts.'" *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 549-50, 363 N.W.2d 419 (1985) (citation omitted). "In exercising its discretion by determining whether it should grant relief from the judgment or stipulation, the circuit court should consider whether unique or extraordinary facts exist that are relevant to the competing interests of finality of judgments and relief from unjust judgments." *Sukala*, 282 Wis. 2d 46, ¶11  At a minimum, that consideration should include:

> [(1)] whether the judgment was the result of the conscientious, deliberate and well-informed choice of the [party]; [(2)] whether the [party] received the effective assistance of counsel; [(3)] whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; [(4)] whether there is a meritorious defense to the claim; and [(5)] whether there are intervening circumstances making it inequitable to grant relief.

*Id.* (citation omitted).

¶10    As to the first and fourth considerations, we again importantly note that Burk admitted in her letter filed April 6, 2021, that she was liable to Canna for payment on the Note. And, considering Burk's allegations in her motion to vacate the default judgment as true, no facts are alleged to support a defense to her signed guarantee wherein she agreed to be "jointly and severally" liable for the "payment of and promises to pay" Burk's Paradise's Note. Related to the second consideration, Burk contends she received ineffective assistance from her *divorce* counsel in that counsel "advised her that the matters would be incorporated in the post-divorce proceedings." Burk, who obviously employed counsel in her divorce

proceedings, has chosen not to employ legal representation in connection with this case, and we see no compelling basis for her to gain refuge based on her assertion that she was misled by counsel in a separate case (the divorce action) or that she misunderstood the law.[2]

¶11     As to the third and fifth considerations, despite being notified of the hearing dates and acknowledging one of those dates by letter, Burk failed to appear at any of the three hearings the circuit court held on Canna's motion for default judgment.   In fact, prior to entering the default judgment, the court specifically found that "service [on the motion for default judgment] was sent out to the parties," yet Burk had "yet to appear on a single court hearing."  She cannot now complain that the court did not get to consider more that she might in hindsight like to have said.   Furthermore, even after the court granted default judgment for Canna, Burk waited more than seven months to file her motion to vacate that judgment.   Burk failed to assert the existence of "extraordinary circumstances."

¶12     Based on the foregoing, we conclude the circuit court did not err in granting Canna's motion for default judgment and did not erroneously exercise its discretion in denying Burk's WIS. STAT. § 806.07 motion to vacate that default judgment.

---

[2] To the extent Burk asserts she should be treated differently because she is proceeding pro se on appeal, we note that pro se litigants are required to abide by the same rules governing attorneys. *See Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).  "The right to self-representation is '[not] a license not to comply with relevant rules of procedural and substantive law.'" *Id.* (alteration in original; citation omitted).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.